1

2

3

4

5

6

7

8                                     UNITED STATES DISTRICT COURT

9                               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL K. BROWN,                            No.  2:  14-cv-0848 JAM KJN P

12                    Plaintiff,

13         v.                                       ORDER AND FINDINGS AND
                                                    RECOMMENDATIONS
14    WHITTEN, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  On August 13, 2014, the undersigned granted plaintiff thirty days to file an

19    amended complaint.  (ECF No. 16.)  Thirty days passed and plaintiff did not file an amended

20    complaint.  Accordingly, on October 15, 2014, the undersigned recommended that this action be

21    dismissed.  (ECF No. 17.)

22          On September 9, 2014, plaintiff filed an amended complaint.  (ECF No. 20.)  However,

23    plaintiff put the wrong case number on the amended complaint.  For that reason, the court only

24    recently discovered plaintiff's amended complaint.  Accordingly, the October 15, 2015 findings

25    and recommendations are vacated.  After reviewing the record, the undersigned finds that

26    plaintiff's amended complaint does not state a potentially colorable claim for relief and

27    recommends that this action be dismissed.

28    ////

                                                    1

1     Named as defendants are Correctional Officer Whitten, Warden Singh, Warden Duffy and

2    Correctional Counselor Sankovich.

3     Plaintiff alleges that on December 11, 2011, he was transferred from the California

4    Medical Facility ("CMF") to Deuel Vocational Institution ("DVI").  Plaintiff alleges that prior to

5    this transfer, defendant Whitten stole some of plaintiff's personal property including his

6    television, tennis shoes, shorts, etc.  Plaintiff alleges that defendants Singh, Duffy and Sankovich

7    failed to properly process his administrative grievances challenging the wrongful confiscation of

8    his property.

9     Prisoners have a protected interest in their personal property.  Hansen v. May, 502 F.2d

10    728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is

11    actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984)

12    (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d

13    1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state

14    employee does not constitute a violation of the procedural requirements of the Due Process

15    Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

16    available," Hudson, 468 U.S. at 533.  California Law provides an adequate post-deprivation

17    remedy for any property deprivations.  See Cal. Gov't Code §§ 810–95; Barnett v. Centoni, 31

18    F.3d 813, 816–17 (9th Cir. 1994).

19     While plaintiff alleges that the deprivation of his property was intentional, he does not

20    allege that it was authorized.  Instead, plaintiff alleges that the confiscation of his property was

21    unauthorized.  For these reasons, plaintiff's claims challenging the deprivation of his property

22    should be dismissed.[1]

23

---

[1]  Attached as an exhibit to the amended complaint is a letter dated February 7, 2013, addressed

24  to plaintiff from the Victim Compensation and Government Compensation Board denying his
claim as untimely because it was filed more than one year after the incident.  (ECF No. 20 at 31.)

25  Also attached as an exhibit is another letter to plaintiff from the Victim Compensation and
Government Compensation Board dated March 6, 2013.  (Id. at 33.)  This letter informs plaintiff

26  that as of November 1, 2004, inmates are not required to exhaust administrative remedies prior to
submitting claims to the Board.  (Id.)  Plaintiff had an adequate post-deprivation remedy,

27  regardless of his dissatisfaction with that remedy.

28

2:14-cv-00848-JAM-KJN   Document 21   Filed 11/14/14   Page 3 of 3

1       To the extent plaintiff alleges that defendants that defendants Singh, Duffy and Sankovich

2    violated plaintiff's due process rights by failing to properly process his administrative grievances,

3    these claims are without merit.  Inmates have no constitutional right to a prison administrative

4    appeal or grievance system.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v.

5    Adams, 855 F.2d 639, 640 (9th Cir. 1988).

6       Plaintiff made similar allegations in his original complaint.  (ECF No. 1.)  The

7    undersigned advised plaintiff of the legal standards, set forth above, in the order screening the

8    original complaint.  (ECF No. 10.)  It does not appear that plaintiff can cure these pleading

9    defects.

10      Accordingly, IT IS HEREBY ORDERED that the October 15, 2014 findings and

11   recommendations are vacated; and

12      IT IS HEREBY RECOMMENDED that this action be dismissed.

13      These findings and recommendations are submitted to the United States District Judge

14   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15   after being served with these findings and recommendations, plaintiff may file written objections

16   with the court and serve a copy on all parties.  Such a document should be captioned

17   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

18   failure to file objections within the specified time may waive the right to appeal the District

19   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20   Dated:  November 14, 2014

21

22   Br848.56                                        KENDALL J. NEWMAN
                                                     UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28